IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br><br>    10 South Howard Street )<br>    3rd Floor )<br>    Baltimore, Maryland 21201 )<br><br>        Plaintiff, )<br>                )<br>    v. )<br>                )<br>MRA SYSTEMS, INC., )<br><br>    103 Chesapeake Park Plaza )<br>    Baltimore, Maryland 21220 )<br>                )<br>        Defendant. ) | CIVIL ACTION NO.<br><br><br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Louis Behrendt, age 61. The Commission alleges that beginning around 2002 and continuing to the present, Defendant has subjected Behrendt to age-based discriminatory terms, conditions, and privileges of employment including, but not limited to, lowering his performance ratings, which in turn, has adversely affected his level of compensation and his overall ability to advance within Defendant. Moreover, as explained more fully below, because of Behrendt's age, Defendant has increased its scrutiny over his performance and has denied to him placement to the position of City Manager of Planners (Production Control Leader 5) in the PC Department which offered greater compensation and advancement. The Commission alleges that Defendant's subjecting Behrendt

to discriminatory terms, conditions, and privileges of employment was and is based on his age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed and are being committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, MRA Systems, Inc., ("Defendant"), a Delaware corporation, has continuously been an employer doing business in Baltimore, Maryland and has continuously had at least 20 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.   Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.   Since at least September 1, 2002, Defendant has engaged in unlawful employment practices at its Baltimore, Maryland facility, in violation of Section 4(a)(1) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a)(1) (the "ADEA") 29 U.S.C. § 623. The practices include subjecting Louis Behrendt, age 61, to age-based discriminatory terms, conditions, and privileges of employment as described below:

a.   Ranking and rating Behrendt at the lowest tier of its performance rating system, despite his successful job performance and his many years of successful employment with Defendant, which has adversely affected his compensation and his ability to advance within the company;

b.   Failing and refusing to issue to Behrendt regularly scheduled performance ratings, which has adversely affected his compensation and his ability to advance within the company;

c.   Denying to Behrendt placement into the City Manager of Planners position (Production Control Leader 5) in the PC Department which offered greater salary potential than his current position and which, instead, was awarded to a younger, less qualified employee; and

d.   Defendant's heightened scrutiny of Behrendt.

3

8.  The effect of the practices complained of in paragraph 7 above has been to deprive Louis Behrendt of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9.  The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from imposing discriminatory terms, conditions, and privileges of employment upon its older workers and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Louis Behrendt, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.  Order Defendant to make whole Louis Behrendt, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

     E.     Order Defendant to make whole Louis Behrendt, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to his rightful place position and/or front pay.

     F.     Grant such further relief as the Court deems necessary and proper in the public interest.

     G.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
JACQUELINE H. McNAIR
Regional Attorney

_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2734